(77 South. 155)

No. 20872.

WILLIAMS v. TEXAS & P. RY. CO.

(Nov. 26, 1917.)

*(Syllabus by the Court.)*

On Rehearing.

MASTER AND SERVANT ☞107(1) — MASTER'S LIABILITY—TOOLS AND APPLIANCES.

The master is responsible for injuries to the servant resulting from furnishing him with a defective, and therefore dangerous, instrument with which to do his work.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by Obed Pete Williams against the Texas & Pacific Railway Company, in which after plaintiff's death his widow qualified as his administratrix, and was made party plaintiff. Judgment for plaintiff, and defendant appeals. Affirmed as a judgment in favor of the administratrix or personal representative of the deceased plaintiff.

Howe, Fenner, Spencer & Cocke and Wise, Randolph, Rendall & Freyer, all of New Orleans, for appellant. Clem V. Ratcliff, of Shreveport, for appellee.

On Rehearing.

O'NIELL, J. This action is brought under the federal Employers' Liability Act of the 22d of April, 1908, as amended by the act of the 5th of April, 1910 (U. S. Comp. St. 1916, §§ 8657–8665). The injured employé sued for $50,000 damages for personal injuries suffered as a result of his jumping from a moving motor car that was set on fire by the escape of gasoline. The jury rendered a verdict in his favor for $7,500, and the defendant appealed. Thereafter the plaintiff died, leaving a widow and two minor children who had been dependent upon him for support; and the widow qualified as administratrix of his succession, and was made party plaintiff and appellee, as personal representative of the deceased.

The fault or negligence charged to the defendant is that the motorcar which the plaintiff was ordered to operate by the foreman, under whose authority and directions the plaintiff was working, was defective and dangerous, in that a valve or drain cock under the car was worn loose, and allowed gasoline to escape from the tank onto the carburetor and set fire to the car. The defendant denies that the car was defective,

denies that the plaintiff was ordered to operate it, and alleges, on the contrary, that the plaintiff had been forbidden by the foreman, under whose orders he worked, to attempt to operate the car, and that, in disobedience of the orders of the foreman, the plaintiff attempted to run the car, and the explosion was the result of his ignorance, negligence, and disobedience of the foreman's orders.

On re-examination of the evidence we are convinced that the car was defective. The drain cock or faucet had worn loose, and the vibration or jolting of the running car caused the faucet to open gradually and let gasoline flow upon the carburetor and become ignited. Immediately after the fire, an examination of the machinery disclosed that the drain cock was open. On a previous occasion, when the car was being run by an experienced and competent operator, the vibration or jolting of the running car caused the drain cock to open and let gasoline flow upon the carburetor and set fire to the car. One of the employés of the company had undertaken to repair the faucet by tightening it, about eight days before the accident complained of in this suit; but it is evident that he did not succeed in remedying the defect. The stem of the faucet was wrapped or tied with cord to prevent its turning, but the cord was either loose or gone from the drain cock when the accident occurred.

In our view of the case, after a careful reconsideration of the issues, the question whether the plaintiff was justified in regarding the orders of the foreman to take the car or go on the car to the bridge at St. James, as directing him to operate the car himself, is a matter of little or no importance. The foreman acknowleged that he had ordered the plaintiff to take two men and go on the motorcar to St. James. There is no reason to doubt that the accident would have happened, as it did happen, if an experienced operator had been running the car. The drain cock, being under the car, out of sight of the operator, could not have been observed by an experienced operator any better than by one who was inexperienced. Our conclusion, therefore, is that the injuries suffered by the plaintiff were the result of the negligence and fault of the defendant company in furnishing the employé with a defective and dangerous car on which he was instructed to ride.

We see no reason for either increasing or reducing the amount of the judgment.

The judgment appealed from is affirmed as a judgment in favor of the administratrix as personal representative of the deceased plaintiff, at the cost of the appellant.